UNITED STATES of America, Plaintiff-Appellee,

v.

Billy Ray WALLACE, Defendant-Appellant.

No. 75–4009

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 10, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

544

Alan Brown, San Antonio, Tex., for defendant-appellant.

John Clark, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Billy Ray Wallace appeals from his conviction of possession of 34 grams of amphetamine sulfate with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). He contends on appeal that (1) the affidavit on which a search warrant was issued was insufficient to enable the magistrate to conclude that probable cause existed to search his premises, (2) the trial court committed error in considering evidence of oral testimony to supplement the affidavit, and (3) the search warrant was invalid because of misrepresentations contained in the affidavit. We find these contentions unpersuasive and affirm.

Agents of the United States Drug Enforcement Administration received information from two individuals on separate occasions that Wallace, a chemist, was manufacturing methamphetamine. They set up surveillance in the vicinity of appellant's premises, 4122 Flinthill Street in San Antonio, Texas. A package containing two bottles of phenyl-2-propanone, a chemical necessary for the manufacture of methamphetamine, was given by Agent Hale to Joe Don Helton for delivery to the Flinthill address, in exchange for which Helton was to receive methamphetamine. Two of the agents followed Helton to appellant's residence.

Several hours later Helton was seen by DEA agents leaving appellant's premises from which he drove directly to a prearranged meeting place and delivered 12 grams of methamphetamine to Agent Hale. Based on the informants' tips and the observations of the agents, a search warrant which is the subject of this appeal was obtained. A subsequent search of appellant's premises disclosed additional methamphetamine.

The pertinent part of the affidavit supporting the search warrant contains the following language:

"Two independent sources of information who have both been proven reliable in the past on at least two occasions, told the Affiant that Billy Wallace is a chemist who manufactures quantities of Methamphetamines. Surveillance on December 17, 18, and 19, 1974, and telephone records show that Wallace uses 4122 Flinthill Street, San Antonio, Texas as a residence. On December 18, 1974, Special Agents of the Drug Enforcement Administration saw a package containing a quantity of phenyl-2-propanone, a required precursor chemical for the manufacture of methamphetamines, being carried into 4122 Flinthill Street. Approximately four hours later Special Agents of the Drug Enforcement Administration saw a quantity of methamphetamine delivered from 4122 Flinthill Street."

■ Under *Aguilar v. State of Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), a two-prong test for determining the sufficiency of an affidavit to support the issuance of a search warrant by a magistrate was established. The magistrate must be informed of some of the underlying circumstances: (1) on which the informant based his conclusion of criminal activity, and (2) from which the officer concluded that the informant was credible or his information reliable. *Id.* at 378 U.S. 114, 84 S.Ct. at 1514.

Appellant does not contest the sufficiency of the affidavit under the second requirement of *Aguilar* but contends that the affidavit failed to contain underlying information which explained the source of the informants' tips, and is therefore legally deficient.

■ As we said in *United States v. Anderson,* 5 Cir., 1974, 500 F.2d 1311, 1315, "even an undisclosed informant's tip found wanting under the *Aguilar* test may provide the basis for a finding of probable cause if parts of it have been corroborated by independent sources." The personal investigation and observation by the DEA agents of Helton's actions in delivering the phenyl-2-propanone to appellant's premises and returning the methamphetamine to them corroborated the information received from the informants. Thus, under *Anderson,* the affidavit per se was sufficient to establish probable cause. Therefore, we do not reach appellant's second contention that the trial court erred in receiving oral testimony to supplement the statements contained in the affidavit.

■ Finally, appellant contends that the only fact affiant could swear to was that agents saw a package, that contrary to the affidavit they saw no package containing phenyl-2-propanone being carried into 4122 Flinthill Street and no package containing methamphetamine being removed therefrom. Such misrepresentations, appellant argues, render the affidavit invalid. Because of Agent Hale's direct participation in giving and receiving the packages to and from Helton and the continuous surveillance by DEA agents of Helton during his trips to and from appellant's premises, the fact that the agents could not see the contents of either package is not material to the establishment of probable cause for the search. See *United States v. Thomas,* 5 Cir., 1973, 489 F.2d 664.

Affirmed.